Case 2:22-cv-00545-MPB-MKK   Document 1   Filed 11/29/22   Page 1 of 5 PageID #: 1

**FILED**
11/29/2022
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

UNITED STATES DISTRICT COURT

FOR THE

EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JIMMY TYRONE FISK,<br>    Petitioner,<br><br>v.<br><br>T. RULE, WARDEN<br>FCI TERRE HAUTE<br>    Respondent, | No. 2:22-cv-00545-JRS-DLP<br><br>PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. §2241 |

COMES NOW, the Petitioner, Jimmy Tyrone Fisk, in this Petition for a Writ of Habeas Corpus under 28 U.S.C. §2241. Specifically, the Petitioner is seeking a restoration of time credits for time spent in state custody.

BACKGROUND

On October 19, 2015, the Petitioner was sentenced in case number 4:15-CR-00001-HJM-SKL by the Honorable Harry S. Mattice, Jr. to a total term of 57-months for violation of 18 U.S.C. §922(g)(1) and 18 U.S.C. §U.S.C. §924(a)(2), Felon in Possession of a Firearm and Ammunition. Prior to the sentencing in the aforementioned, the Petioner was serving a term of imprisonment in the Tennessee Department of Corrections. On January 11, 2017, the State of

Tennessee pronounced a sentence in case number 15-CR-413 with credit from January 09, 2015 through March 17, 2015 and November 06, 2015 through January 11, 2017. The sentence totalled eight [8] years for delivery of schedule II controlled substance, to wit: cocaine, .5 grams or more, in a public park, all other state charges were noutrue bill. The court also ordered the state sentence consecutive to the federal sentence.

The Petitioner in the instant motion has met his burdeon according the PLRA [Prison Litigation Reform Act] via the Administrative Remedy Process which conluded with the Central Office response [No. 1110097-A2] dated 10/04/2022, partially GRANTING the Rquest for Remedy. The petition is now ripe for filing with thsi Court.

ARGUMENT

The Petitioner has not been properly credited for time spent in Federal custody for his imporsed sentence of 57-months. The Petitioner in the instant case was sentenced on October 19, 2015. [see Ex. 1] to a term of 57-months. It is assumed that the Petitioner would receive the benefit of custody credit from the time he entered Federal custody until the conclusion of his sentence.

The 'Doctrine of Primary Custody' is clear about the "who, what, and where' of custody. In POPE v. PERDUE, 889 F.3d 410; 2018 U.S. app. Lexis 11550 No. 16-4217, the Court is clear when

primary custody actually begins, "[T]hus, Illinois had primary custody over him starting that day. When Illinois transferred the Petitioner to Federal Custody without any indication that the State intended to maintain custody, Illinois intentionally relinqueshes primary custody." The same argument applies in the instant case.

The Petitioner was arrested Warren County authorities on January 09, 2015. Over the next 2 months, the Petitioner received additional State charges respectively. On March 17, 2015, the U.S. Marshal's Service assumed custody of the Petitioner in the instant case. At this point the Federal Government asserted primary custody over the Petitioner. During the sentencing phase in the Federal Case, the Court was silent as to concurrent or consecutive sentences, thus assuming the Petitioner would receive the benefit of a concurrent sentence and the time credits that would follow. This did not happen.

While the Bureau of Prisons has the authority to determine when a sentence begins to run, it's excercise of that authority is bound by the Doctrine of Primary Custody and by statute, 18 USC §3585(a).

Under the Doctrine of Primary Custody, an inamtes federal sentence may only commence after the Government excercises primary jurisdiction over a Defendent [Petitioner]. That is precisley what happened in this case on March 17, 2015. In general, the soverign

that first arrests a Defendant takes primary custody over him, unless it is relinquished. The arresting sovereign retains primary custody until its 'priority' is relinquished in some fashion. Because the decision to relinquish primary custody rests soley with the sovereign excercising priority, the U.S. Court of Appeals for the Seventh Circuit looks to the intent of that soverign to determine if it has relinquished primary custody through a transfer. In the absence of evidence that the transferring soverign intended to maintain custody, the Court presumes that the sovereign intended to relinquish it. This presumption promotes clarity for inamtes, jailers, and Courts. Clarity here is particulary important for the purposes of maintaining the integrity of prisoners rights. This argument is further supported in LOEWE v. CROSS, 589 F. App'x 788, 789 (7th Cir 2014), ELWELL v. FISHER, 716 F. 3d. 477, 481 (8th Cir. 2013), and BINFOLD v. UNITED STATES, 436 F. 3d 1252, 1256 (10th Cir. 2006). Lastly, the Petitioner relies on UNITED STATES v. WILSON, 503 US 329, 117 L Ed 2d 593, 112 SCT 1351 No. 90-1745 (Mar. 24, 1992). Here, the Court held that, "Federal sentencing credit under 18 USCS §3583(b) for certain poesentence time served held required to be computed by the Attorney General after the convicted federal defendant has begun to serve sentence."

CONCLUSION

The Petitioner repectfully asks the Court to credit him all the time spent in pre/post federal custody so he may take advantage

of all the time credits available to him for the dates starting on November 06, 2015 through January 25, 2021.

Respectfully submitted this 22nd day of November, 2022.

Jimmy Tyrone Fisk
#48232-074
FCI Terre Haute, Indiana 47808
PO Box 33
Terre Haute, IN   47808